**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan MOLINA–CRUZ, Defendant–Appellant.**

**No. 11–50546.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.\*

Filed Nov. 26, 2013.

Jose Castillo, Assistant U.S., United States Department of Justice, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Juan Molina–Cruz, Pecos, TX, pro se.

Frederick Carroll, Law Offices of Frederick M. Carroll, San Diego, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

**MEMORANDUM \*\***

Juan Molina–Cruz appeals from the district court's judgment and challenges the

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

48–month sentence imposed following his jury-trial conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Molina–Cruz contends that the district court procedurally erred by (i) relying on an improper sentencing factor and failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, (ii) failing to consider his mitigating arguments, and (iii) failing to explain the need for the sentence imposed. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court properly considered the section 3553(a) sentencing factors and Molina–Cruz's mitigating arguments, did not consider any improper sentencing factors, and adequately explained the sentence imposed. *See United States v. Perez–Perez,* 512 F.3d 514, 516–17 (9th Cir.2008).

Molina–Cruz also contends that the district court erred by not awarding him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The district court did not clearly err in determining that Molina–Cruz did not qualify for this reduction. *See* U.S.S.G. § 3E1.1 cmt. n. 2; *United States v. Martinez–Martinez,* 369 F.3d 1076, 1088–90 (9th Cir.2004).

Molina–Cruz further contends that the procedural errors rendered his sentence substantively unreasonable. The district court did not abuse its discretion in imposing Molina–Cruz's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**